**[J-76-2020][M.O. – Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| IN RE: AMAZON.COM INC., FULFILLMENT CENTER FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION | : : : : : : | No. 43 EAP 2019<br><br>Petition for Certification of Question of Law from the United States Court of Appeals for the Sixth Circuit |
| NEAL HEIMBACH and KAREN SALASKY,<br><br>Appellants<br><br>v.<br><br>AMAZON.COM INC.; AMAZON.COM. DEDC, LLC; INTEGRITY STAFFING SOLUTIONS, INC.,<br><br>Appellees | : : : : : : : : : : : : : : : : : : : : | ARGUED: September 17, 2020 |

## DISSENTING OPINION

**JUSTICE SAYLOR**                                                **DECIDED: July 21, 2021**

I would rescind the certification of the issues presented as having been granted improvidently. As the majority explains, our Rules of Appellate Procedure preclude acceptance of certification unless all facts material to the question of law to be determined are undisputed. *See* Pa.R.A.P. 3341(c). Here, however, the post-certification briefs submitted to this Court demonstrate that material facts (or at least facts that are material in my judgment) are sharply disputed. *See* Majority Opinion, *slip*

*op.* at 2-3 n.4.  In this regard, the parties disagree as to the significance of the avenues provided to permit the warehouse employees to avoid the security screening process that is the subject of the present controversy.  *Compare* Brief for Appellees at 30 (stressing the availability of express lanes to facilitate the departure of employees willing to refrain from carrying bags or bringing metallic items onto the warehouse floor), *with* Reply Brief for Appellants at 4-5 (contending that Appellees mischaracterize the evidence concerning the efficacy of express lanes in terms of expediting departure times).  Along these lines and otherwise, the amounts of time that employees spend in both the security screening and the express lanes is also not a subject of mutual agreement.[1]

I realize that these differences are immaterial under the majority's rationale.  This reasoning construes the concept of "work" in a most expansive fashion, while rejecting Congress's lead of clarifying that employers' obligations to pay overtime do not extend to activities which are preliminary to or postliminary to employees' principal activities occurring before the employee commences such work or after its cessation.  *See* Majority Opinion, *slip op.* at 14-21.  The majority also disapproves a *de minimis* exception to its own, very broad conception of work.  *See id.* at 23-28.[2]

---

[1] According to the majority, such disputed factual matters have been decided in the federal summary judgment proceedings.  *See* Majority Opinion, *slip op.* at 2-3 n.4.  But courts do not resolve material factual controversies at the summary judgment stage; instead, summary judgment is available only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

[2] In its supportive reasoning, the majority references federal decisions generating uncertainty as to whether a *de minimis* exception pertains in the federal forum.  *See* Majority Opinion, *slip op.* at 25-27.  Of course, Congress's clarification of the scope of employers' obligation to compensate employees for preliminary and postliminary activities substantially lessens the force of the justification for a *de minimus* exception.  In the absence of such a pre- and-post shift overlay -- also rejected by the majority here (continued…)

For my own part, I do not believe that the General Assembly would have had any such vision of the necessity for overtime compensation. Indeed, the confluence of the majority's dual holdings appears to expose employers to suit for failing to pay overtime for a wide-ranging array of activities outside the sphere of what would traditionally and reasonably be considered as work.[3] These include pre- and post-shift activities in the nature of: swiping security cards at turnstiles, opening doors, pushing elevator buttons, and traveling hallways to arrive at and depart work stations or swipe-or-punch-card locations. Both since it is impractical to attempt to record time for all such collateral undertakings -- and because such undertakings do not in my judgment comprise what I believe the Legislature would reasonably have conceived as work -- I respectfully dissent.

And again, since the material factual disputes as to voluntariness and burdensomeness of submission by Amazon warehouse employees to the security screening procedures bear relevance in my own assessment, my first preference would be to dismiss the certified questions. This would allow those matters to be litigated in the federal forum to which they have been removed.

---

(…continued)
-- the *de minimis* exception would provide a mechanism to contain, at least to some extent, an otherwise limitless range of probable disputes about time spent in pre- and post-shift undertakings outside the sphere of what is traditionally considered as work.

[3] Central definitions of "work" include: "activity in which one exerts strength or faculties to do or perform something," and "activity that a person engages in regularly to earn a livelihood." *Work*, MERRIAM-WEBSTER DICTIONARY (online ed. 2021), https://www.merriam-webster.com/dictionary/work (last visited March 4, 2021).